UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY TERRILL CAVER,

    Petitioner,

v.

Case No. 1:06-cv-847
Hon. Gordon J. Quist

KENNETH MCKEE,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

This case arises from the December 22, 2000 robbery of a TCF Bank in Marshall, Michigan, by two men wearing nylon masks. The Michigan Court of Appeals summarized the underlying facts as follows:

> A vehicle matching the description of the getaway car was seen by the police, and after a short, high-speed chase, the vehicle flipped over and both defendant and the second individual, Charles Clemens, were apprehended in possession of money stolen from the bank. One witness observed both suspects before they donned masks as she was leaving the bank. This witness identified both defendant and Clemens as the robbers.

*People v. Caver*, No. 236118, slip op. at 1 (Mich. App. Aug. 26, 2003).

Following a jury trial, petitioner was convicted of bank robbery, M.C.L. § 750.531, felony-firearm, M.C.L. § 750.227b, resisting arrest, M.C.L. § 750 .479, armed robbery, M.C.L. § 750.529, conspiracy to commit armed robbery, M.C.L. § 750.157a, conspiracy to commit bank

robbery, M.C.L. § 750.157a, and carrying a concealed weapon, M.C.L. § 750.227. *Id.* The trial court sentenced defendant as an habitual offender, M.C.L. § 769.12, to a term of 40 to 60 years' imprisonment for the bank robbery conviction, 40 to 60 years' imprisonment for the armed robbery conviction, 10 to 15 years' imprisonment for the resisting arrest conviction, 18 to 30 years' imprisonment each for the carrying a concealed weapon, conspiracy to commit bank robbery, and conspiracy to commit armed robbery convictions, and two years' imprisonment for the felony-firearm conviction. *Id.* On petitioner's motion, the trial court vacated his convictions and sentences for armed robbery and conspiracy to commit armed robbery. *Id.*

Petitioner, through counsel, presented five issues and sub-issues on appeal:

I. The trial court's denial of [petitioner's] motion to suppress the suggestive in-court identification was clearly erroneous. There was an insufficient independent basis when the witness testified that she had no opportunity to view [petitioner].

II. The prosecutor violated [petitioner's] state and federal constitutional due process right to a fair trial by way of two big instances of misconduct.

    A. There was a discovery violation. Witness statements of the bank employees [were] not disclosed to the defense until after they had testified.

    B. The prosecution used improper burden shifting in its closing when it told the jury that [petitioner's] silence could be used against him.

III. Did the trial court err when it denied [petitioner's] request for a forensic examination in a cursory and abrupt manner.

IV. This Court should reverse [petitioner's] conviction for felony firearm. The prosecution failed to produce sufficient evidence of the charge.

V. The sentencing court made several errors in this case, each one of which standing alone would require resentencing.

2

A. The court erred when, on February 11, 2002, it refused to resentence. The guidelines on the highest conviction offense had changed from 171-570 months to 58 to 228 months, (assuming the original point scoring was accurate). [Petitioner] received a 480 month minimum on the highest charge. No guidelines were calculated by the trial court, and the trial court was apparently unaware that it had made an over 100% deviation from the guidelines.

B. The original point scoring of the guidelines were actually erroneous, in that offense variables 1, 13, 14 , and 19 was originally mis-scored. When these adjustments are made to the scoring, the sentencing range drops to as low as 43 to 172 months.

C. It is unclear that an amended judgment of sentence was ever prepared, reflecting the corrections the trial court did make.

Brief on Appeal (docket no. 27).

The Michigan Court of Appeals affirmed petitioner's remaining convictions, but vacated petitioner's sentences and remanded for resentencing. *People v. Caver*, No. 236118, slip op. at 1, 4-6.[1]

Petitioner raised Issues I, II and III in his pro per application for leave to appeal to the Michigan Supreme Court. *See* Application for leave to appeal (docket no. 28). Petitioner included four new grounds (in his words):

VI. Supplemental (Habitual) Information. The Due Process clause of the 14th Amendment of the United States Constitution requires that a defendant be given fair warning of the Habitual enhancement procedure.

VII. (JURISDICTIONAL DEFECT) Indictment and Information -- Amendment of information -- New Offenses -- Due process. MCL 762.42(1); MSA 28.982(1).

---

[1] Respondent did not include a complete copy of the Court of Appeals' opinion in the Rule 5 materials. *See* docket no. 27 (includes only odd-numbered pages of the opinion). A complete copy of the opinion is attached as an exhibit to the petition. *See* docket no. 1-2.

> VIII. Abuse of prosecution. To charge the prosecutor must charge under the more specific [statute] which fits the particular facts of the case, rather than the more general [statute] which provides for a greater penalty. People v. Shears, 84 MA [sic] (1978).
>
> IX. Counsel -- ineffectiveness of -- failure to object defense counsel was ineffective.

Application for leave to appeal. *Id.*[2] The Michigan Supreme Court denied the application. *People v. Caver*, 470 Mich. 889, 684 N.W.2d 265 (Mich. 2004).

Petitioner was re-sentenced on September 23, 2004. *See* Judgment of Sentence (docket no. 29). On re-sentencing, the trial court imposed concurrent sentences of 30 to 60 years for the bank robbery conviction, 10 to 15 years for the resisting and obstructing conviction, and 18 to 20 years each for the conspiracy and the carrying a concealed weapon convictions. *People v. Caver*, No. 258740, slip op. at 1 (Mich. App. March 21, 2006) (docket no. 29). These sentences were to run consecutively to a two-year sentence for the felony firearm conviction. *Id.*

Petitioner appealed the re-sentencing, raising the following issue on appeal:

> X. Is [petitioner] entitled to resentencing where the sentence imposed, outside the sentencing guidelines, which were incorrectly scored, was disproportional?

Brief on appeal (docket no. 29).[3] The Michigan Court of Appeals affirmed the re-sentencing. *People v. Caver*, No. 258740, slip op. at 3. Petitioner raised the same issue in his application for leave to appeal to the Michigan Supreme Court, which denied the application. *People v. Caver*, No. 131157 (Mich. Sept. 26, 2006).

---

[2] For purposes of this report, the court will refer to these new grounds raised before the Michigan Supreme Court as Issues VI -IX.

[3] For purposes of this report, the court will refer to this ground raised in the Michigan Court of Appeals as Issue X.

4

Petitioner did not utilize the court's habeas petition form, but filed a self-styled petition which listed Issues I through V as set forth in his first state court appeal. *See* docket no. 1. Accordingly, the court will review those five issues as the asserted grounds for habeas relief.

### III. Procedurally defaulted habeas claims

Petitioner's Issues I and II.B. are barred from habeas review under the procedural default doctrine. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

### A. Denial of motion to suppress witness identification (Issue I).

The Michigan Court of Appeals determined that petitioner waived this issue on appeal:

5

Defendant first argues the trial court erred in failing to suppress a witness' in-court identification because the identification was tainted by an impermissibly suggestive confrontation during the preliminary examination. Defendant has waived review of this issue by failing to provide a transcript of the trial court's ruling or a transcript of the evidentiary hearing that took place before a different judge, on which the trial court apparently based its decision. MCR 7.210(B)(1)(a); *People v. Lee*, 391 Mich. 618, 626; 218 NW2d 655 (1974); *People v. Petrella*, 124 Mich. App 745, 755; 336 NW2d 761 (1983), aff'd 424 Mich. 221 (1986). However, as defendant alleges a constitutional violation, based on a de novo review of the record, we find defendant's claim fails.

If a witness is exposed to an impermissibly suggestive pretrial procedure, the witness' in-court identification is not allowed unless the prosecution shows by clear and convincing evidence that the witness' in-court identification is sufficiently supported independent of the prior identification procedure. *People v. Colon*, 233 Mich. App 295, 305; 591 NW2d 692 (1998); *People v. Kurylczyk*, 443 Mich. 289, 302; 505 NW2d 528 (1993). The defendant must show that the procedure was so suggestive under the totality of the circumstances that it led to a substantial likelihood of misidentification. *Id.* In examining the totality of the circumstances, relevant factors include: the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of a prior description, the witness' level of certainty at the pretrial identification procedure, and the length of time between the crime and the confrontation. *Colon*, *supra* at 304-305; *Kurylczyk*, supra at 306.

Here, the available record establishes that the witness' period of observation of defendant on the day of the robbery was brief, but her attention to detail was great. The witness testified that she remained relatively calm, initially thinking the robbery was a joke but then having the presence of mind to hide her wallet when she realized it was not a joke when she saw one of the robbers with a handgun. There is no evidence the witness provided a contrary description of the robbers at any time and her description of both the robbery and the robbers was consistent with other witnesses. The witness' identification was positive, and from her testimony, her identification was clearly based on her encounter with the robbers. Thus, although the confrontation at the preliminary examination may have been suggestive because the codefendants were dressed in orange, *Colon*, *supra* at 305, the totality of the circumstances does not establish that the preliminary examination was so suggestive as to lead to a substantial likelihood of misidentification, *Kurylczyk*, *supra* at 302, 306; *Colon*, *supra* at 305.

*People v. Caver*, No. 236118, slip op. at 1-2.

The Michigan Court of Appeals determined that petitioner had waived this issue on appeal, and discussed the merits only insofar as to determine whether the trial result would have been different. Although not explicitly stated by the Michigan Court of Appeals, the court's limited discussion of the merits was nothing more than a plain error review. *See generally*, *Evans v. Mitchell*, No. 02-4339, 2009 WL 2707379 at *9 (6th Cir. Aug. 28, 2009) (a state appellate court's discussion of the merits to support the proposition that the trial result would not have been different is "an element of the plain error standard" for purposes of procedural default analysis). "Controlling precedent in our circuit indicates that plain error review does not constitute a waiver of state procedural default rules." *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir.2000). The state court's plain error analysis did not save a petitioner from the procedural default of this claim. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006). "Plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits." *Id. See also, Paprocki v. Foltz*, 869 F.2d 281, 284-285 (6th Cir. 1989) (limited review of an issue to prevent manifest injustice does not constitute a waiver of the procedural default). Accordingly, petitioner's Issue I is procedurally defaulted for purposes of this habeas review.

### B. Prosecutorial misconduct

In Issue II.B., petitioner contends that the prosecutor engaged in misconduct. The Michigan Court of Appeals addressed this issue as follows:

> Defendant also claims that the prosecution improperly shifted the burden of proof during closing argument. Defendant failed to preserve this claim by timely objecting and requesting a curative instruction, *People v. Kelly*, 231 Mich.App 627, 638; 588 NW2d 480 (1998), therefore, our review is for clear error, *People v. Schutte*, 240 Mich.App 713, 720; 613 NW2d 370 (2000).

7

> Defendant theorized at trial that a third person actually committed the robbery, not defendant. In closing argument, the prosecutor addressed defendant's theory by asking why defendant fled from the police instead of telling them about this third person. The prosecutor also stated that defendant did not tell the police of this third person and that the prosecutor's evidence was uncontroverted. Under the circumstances, defendant's claim that the prosecutor improperly shifted the burden of proof is without merit. The prosecutor did not shift the burden of proof by merely attacking the credibility of a theory advanced by defendant at trial-that another person committed the crime. *See People v. Godbold*, 230 Mich. App 508, 521; 585 NW2d 13 (1998); *People v. Fields*, 450 Mich. 94, 114-116; 538 NW2d 356 (1995). The prosecutor merely argued that the evidence proved defendant's guilt beyond a reasonable doubt, despite defendant's exculpatory view of the evidence. *See, e.g.*, *People v. Nowack*, 462 Mich. 392, 400; 614 NW2d 78 (2000). Regardless, even if the complained-of comments were prejudicial, reversal is not required because defendant has failed to show clear error-that the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence. *Schutte*, *supra* at 720.

*People v. Caver,* No. 236118, slip op. at 3.

As with Issue I, the Michigan Court of Appeals found that petitioner had waived his claim on appeal and performed a plain error review. Petitioner's failure to comply with the state's contemporaneous-objection rule resulted in a procedural default of these claims for purposes of federal habeas review. *See, e.g., Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009); *Ege v. Yukins*, 485 F.3d 364, 378 (6th Cir. 2007). The court's limited review of an issue to prevent manifest injustice did not constitute a waiver of petitioner's procedural default. *See Lundgren*, 440 F.3d at 765; *Seymour*, 224 F.3d at 557; *Paprocki*, 869 F.2d at 284-285. Accordingly, petitioner's Issue II.B. is procedurally defaulted for purposes of this habeas review.

### C. Cause and prejudice

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice.

8

*Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner does not set forth any cause for this default. Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

### D. Fundamental miscarriage of Justice

In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the limited nature of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. In the procedural default context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner offers no such new evidence that he is actually innocent of the crimes for which he was convicted. He has failed to meet the fundamental

9

miscarriage of justice exception. Accordingly, petitioner's Issues I and II.B. are procedurally barred and not subject to federal habeas review.

### IV. Petitioner's remaining habeas claims

### A. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted the remaining issues raised in his petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

### B. Prosecutorial misconduct

The Michigan Court of Appeals addressed petitioner's first prosecutorial misconduct claim set forth in Issue II.A. as follows:

> Defendant first contends he was denied a fair trial when the prosecutor failed to disclose certain witness statements until mid-trial. These statements include written statements obtained by the bank. The trial court's rulings concerning discovery are reviewed for an abuse of discretion. *People v. Fink*, 456 Mich. 449, 458; 574 NW2d 28 (1998). An abuse of discretion occurs only if an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling. *Id.* Further, the trial court's determination of an appropriate remedy if a discovery violation occurs is reviewed for an abuse of discretion. *People v. Davie (After Remand)*, 225 Mich.App 592, 597-598; 571 NW2d 229 (1997).

11

It was established at trial that the investigating officers knew of the statements made to the bank and that they thought the statements were provided with the report given to the prosecutor. However, the prosecution contended that it was unaware of the statements. Assuming the failure to disclose the witness statements was a discovery violation, we find nothing to contradict the trial court's finding that the violation was inadvertent, and further find that the record does not establish any prejudice to defendant. Both the trial court and the prosecutor noted that the late-provided statements contained nothing inconsistent with what the witnesses had testified, and that both counsel had more extensive police statements to prepare their examinations. Further, and most telling with regard to the lack of prejudice to defendant, is the fact that defense counsel failed to recall a single witness for further cross-examination after the statements were provided. Therefore, we find the trial court did not abuse its discretion in denying defendant's motion to strike the testimony.

*People v. Caver,* No. 236118, slip op. at 2-3.

Petitioner's appeal in the state court was premised on an alleged violations of state law, i.e., a state court rule (MCR 6.201A) and a state statute (M.C.L. § 767.94a).[4] While petitioner's habeas argument refers to "two big instances of misconduct" by the prosecutor, this issue was presented throughout the state courts as a violation of state law. Petitioner is not entitled to habeas relief for an alleged violation of state law. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Here, petitioner appears to assert a federal constitutional violation arising from the prosecutor's failure to provide discovery. This claim is without merit, because petitioner does not have a general constitutional right to discovery in criminal cases. *Spirko v. Mitchell*, 368 F.3d 603, 610 (6th Cir. 2004). "[A] prosecutor violates his constitutional duty of disclosure only if his omission is of sufficient significance to result in the denial of defendant's right to a fair trial." As

---

[4] Neither petitioner's appellate brief, the Michigan Court of Appeals' opinion, nor petitioner's filings in this action address the substance of the cited court rule or statute. The court rule, MCR 6.201(A)(1), provides that one party upon request, must provide all other parties with "any written or recorded statement pertaining to the case by a lay witness whom the party may call at trial." The statute, M.C.L. § 767.94a, appears irrelevant to petitioner's claim, in that it requires certain disclosures of information in the control of the *defendant* or the *defendant's* counsel.

the Michigan Court of Appeals observed, petitioner suffered no prejudice from the mid-trial disclosure of the witness statements.[5]

### C. Trial court's denial of forensic examination

Petitioner contends that the trial court erred in denying his request for a forensic examination "in a cursory and abrupt manner." Brief on Appeal at 19 (docket no 27). The Michigan Court of Appeals found that while the trial court erred in applying the state statute, the error was harmless:

> Defendant next argues that the trial court erred in denying defendant's request for a forensic examination. MCL 768.20a provides that on the filing of a notice of the intent to assert an insanity defense, the trial court "shall order the defendant to undergo an examination relating to his or her claim of insanity . . . ." While the trial court recognized its statutory obligation, the court required defense counsel to make "some showing" of a "history of psychological/psychiatric treatment," before the court would order a forensic examination. The statute is clear and leaves no room for the trial court to require production of some evidence that the defense of insanity may be viable before ordering a forensic examination. *See People v. Chapman*, 165 Mich.App 215, 218; 418 NW2d 658 (1987). Therefore, the trial court erred in denying the forensic examination.
>
> Although the trial court erred by conditioning a forensic examination on some showing of mental illness, the error does not require reversal. Had defendant produced some evidence of mental illness, the trial court would have ordered a forensic examination, but because defendant could produce no such evidence, the court denied the request. Under the circumstances, defendant cannot and has not shown that the error affected the reliability of the verdict. *See People v. Rodriguez*, 463 Mich. 466, 473-474; 620 NW2d 13 (2000).

*People v. Caver,* No. 236118, slip op. at 3.

---

[5] In his reply brief to respondent's answer (*see* docket no. 14), petitioner cites various federal decisions and mentions a variety of cryptic arguments that were not set forth in the state court proceedings or his habeas petition. For example, in his reply brief, petitioner raised for the first time a federal constitutional issue related to prosecutorial misconduct related to the disclosure of witness statements and objections to certain statements made by the prosecutor in closing argument. These arguments, which were not presented to any state or federal court, are not relevant to the habeas claims in this action.

Petitioner has presented no federal constitutional claim for habeas relief arising from the trial court's harmless error determination. Petitioner cannot seek federal habeas relief based upon his disagreement with the state appellate court's construction of a state statute. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("[a] federal court may not issue a writ on the basis of a perceived error of state law"). Federal courts performing habeas review do not act as "super-appellate state courts." *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002). The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Accordingly, petitioner's claim regarding the trial court's denial of a forensic examination should be denied.

### D. Insufficient evidence of felony firearm

The Michigan Court of Appeals addressed this claim as follows:

> Defendant next argues that the prosecution presented insufficient evidence to support the felony-firearm conviction. We review a claim of insufficient evidence de novo, *People v. Mayhew*, 236 Mich. App 112, 124; 600 NW2d 370 (1999), viewing the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found all the elements of the offense were proved beyond a reasonable doubt, *People v. Wolfe*, 440 Mich. 508, 515; 489 NW2d 748 (1992), *mod* 441 Mich. 1201 (1992). Further, this Court must make all reasonable inferences and resolve all credibility conflicts in favor of the jury verdict. *Nowack*, *supra* at 392.
>
> One witness identified defendant as one of the two bank robbers. She also testified that the shorter of the two bank robbers was armed with a handgun. One of the bank tellers testified that she observed one of the bank robbers with a handgun. She testified that she was able to look eye-to-eye with the robber. In a courtroom demonstration, the witness stood eye-to-eye with defendant and stated that she believed they were the same height. Two other bank tellers testified that of the two bank robbers, the taller one held the bag of money while the shorter one possessed a handgun. Several photographs taken from the bank's security cameras depicted the robbery, as well as one of the robbers with a gun. No weapons were ever recovered by the police.
>
> The question facing the jury concerning the felony-firearm charge was whether to believe the witness testimony, together with the photographic and other

evidence, that defendant possessed the handgun. The jury obviously resolved the factual questions in favor of conviction. We will not interfere with the factfinder's determination of witness credibility or the weight to be given to the evidence. *Wolfe*, *supra* at 514-515; *People v. Davis*, 241 Mich. App 697, 700; 617 NW2d 381 (2000).

*People v. Caver*, No. 236118, slip op. at 3-4.

In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Sufficient evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis added). In evaluating a sufficiency of the evidence claim, the court views both direct evidence and circumstantial evidence in the light most favorable to the prosecution, drawing all available inferences and resolving all issues of credibility in favor of the factfinder's verdict. *United States v. Rayburn*, 495 F.3d 328, 337-38 (6th Cir. 2007). The reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).

To support a conviction for felony firearm under M.C.L. § 750.227b, the state must prove beyond a reasonable doubt that a person 1) carried or possessed a firearm; and 2) that he or she did so during the commission or attempted commission of a felony. *See Thompson v. Bock*, 215 Fed. Appx. 431, 437 (6th Cir. 2007). The state appellate court's opinion demonstrates an adequate factual basis to support the conviction. Viewing the evidence in the light most favorable to the prosecution, the court concludes that the government presented sufficient evidence to convict petitioner. The state court's decision was neither contrary to, nor an unreasonable application of,

clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Petitioner is not entitled to relief on this claim.

### E. Sentencing issues

Petitioner contends that the trial court committed various errors in calculating his sentencing guidelines under Michigan's sentencing scheme. The Michigan Court of Appeals concluded that the trial court did not use the appropriate minimum sentence range for bank robbery and erred in assigning ten points under OV 19. *People v. Caver*, No. 236118, slip op. at 4-6. For these reasons, the state appellate court remanded petitioner's case to the trial court for re-sentencing. *Id.* The Michigan Court of Appeals subsequently affirmed the trial court's new sentences. *People v. Caver*, No. 258740.

Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle*, 502 U.S. at 68. The state's computation of petitioner's prison term involved a matter of state law that is not cognizable on federal habeas review. *See Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) (citing *Estelle*, 502 U.S. at 68); *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin*, 213 F.3d at 301, *quoting Williams v. New York*, 337 U.S. 241, 245 (1949). *See generally, Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) ("[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice") (internal citation omitted). Accordingly, petitioner is not entitled to federal habeas relief on this state law claim.

## V. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: November 30, 2009                               /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).